# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 18-0460** (Wood County 16-F-226)

**Shannon Scott Hines,**
**Defendant Below, Petitioner**

**FILED**

**November 8, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Shannon Scott Hines, by counsel Timothy P. Rosinsky, appeals the Circuit Court of Wood County's April 26, 2018, order sentencing him to an indeterminate term of three to twenty years of incarceration for two felony convictions. The State of West Virginia, by counsel Mindy M. Parsley, filed a response. On appeal, petitioner argues that the circuit court abused its discretion in imposing a sentence that was disproportionate to his crimes.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2016, petitioner was indicted on one count of counterfeiting, one count of grand larceny, and three counts of third-offense shoplifting. In December of 2016, petitioner pled guilty to the counterfeiting and grand larceny charges.[1] In consideration for his guilty plea, the State agreed to dismiss the remaining counts of the indictment and make "a non-binding recommendation of concurrent sentencing." Petitioner moved for alternative sentencing and represented that he would enter an inpatient substance abuse treatment facility if granted a post-conviction bond. Ultimately, the circuit court granted the motion upon a condition that petitioner

---

[1]Pursuant to West Virginia Code § 61-4-3, a person found guilty of counterfeiting "shall be deemed guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than two nor more than ten years." Additionally, West Virginia Code § 61-3-13 provides that a person found guilty of grand larceny "shall be imprisoned in the penitentiary not less than one nor more than ten years, or, in the discretion of the court, be confined in jail not more than one year and shall be fined not more than two thousand five hundred dollars."

1

return to the North Central Regional Jail "if [he] leaves the program for any reason whether the reason is voluntary, involuntary, or upon successful completion of the inpatient program in lieu of bond." Petitioner was released from the regional jail and transported directly to the specified treatment facility.

In January of 2017, petitioner's probation officer provided the circuit court with notice that petitioner was discharged from his substance abuse treatment facility due to his "conduct and non-compliance." The probation officer's report provided that petitioner participated in the program for "16 days out of 28 days" and "failed to meet any of his goals and objectives." The circuit court held a sentencing hearing in February of 2017. Petitioner did not appear, but was represented by counsel. The circuit court issued a capias warrant due to petitioner's failure to appear. Petitioner was apprehended fifteen months later.

The circuit court held the final sentencing hearing in April of 2018. Petitioner acknowledged how substance abuse negatively affected his life and requested alternative sentencing to participate in an inpatient substance abuse treatment facility. Petitioner asserted that since he was discharged from his prior treatment he had been free from heroin, his admitted drug of choice. However, petitioner acknowledged that he had recently been convicted of domestic violence. The State cited petitioner's failure to complete the treatment program and his lengthy criminal history in support of its motion for consecutive sentences. Ultimately, the circuit court denied petitioner's motion for alternative sentencing. The circuit court sentenced petitioner to consecutive terms of incarceration of not less than two nor more than ten years for counterfeiting and not less than one nor more than ten years for grand larceny. The circuit court entered a sentencing order reflecting its decision on April 26, 2018. It is from this order that petitioner now appeals.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W. Va. 407, 710 S.E.2d 98 (2011). "This Court has also specified that '[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syl. Pt. 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982)." *State v. Fleming*, 237 W. Va. 44, 58, 784 S.E.2d 743, 757 (2016).

Petitioner argues that his sentence is unconstitutionally disproportionate to his crimes. "Article III, Section 5 of the West Virginia Constitution contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" Syl. Pt. 8, *State v. Vance*, 164 W. Va. 216, 262 S.E.2d 423 (1980).

Petitioner asserts that the circuit court imposed consecutive sentences as retribution for his failure to appear for his first sentencing hearing. Petitioner stresses that his substance abuse induced his criminal activity and that he remained heroin-free while he was a fugitive from justice. In light of this information, petitioner asserts that the circuit court's decision "shocks the conscience." We disagree and find that petitioner is entitled to no relief.

On appeal, petitioner does not dispute that his sentences are within the applicable statutory guidelines and does not allege that the circuit court relied on an impermissible factor in imposing its sentence. Accordingly, per syllabus point four of *Goodnight*, petitioner is not entitled to appellate review of the proportionality of his sentence.

For the foregoing reasons, the circuit court's April 26, 2018, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**:  November 8, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison